UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. SMITH, JR.,          :     Civil No. 1:11-CV-01222
                               :
          Petitioner           :     (Judge Caldwell)
                               :
     v.                        :     (Magistrate Judge Smyser)
                               :
                               :
RONNIE R. HOLT,                :
                               :
          Respondent           :

## REPORT AND RECOMMENDATION

The petitioner in this case attempts to raise a conditions-of-confinement claim through a habeas corpus petition. Because that is improper, we recommend that the petition be dismissed and that the case file be closed.

I. Background.

The petitioner, a prisoner at the United States Penitentiary - Canaan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District

Court for the Eastern District of Pennsylvania.  That court
transferred the case to this court.

The petitioner claims that the respondent refused to
allow him to have a package that was sent to him.  He describes
the package as a discovery package sent from his investigator.
The package contains photographs of a murder scene and murder
victim.[1]  The petitioner asserted in administrative requests
that he needs the package to challenge a 23-year-old conviction
from the Superior Court of the District of Columbia.  The
respondent determined that the photos would be detrimental to
the security, good order, or discipline of the institution.
But the petitioner was informed in the response to his final
administrative remedy appeal that, if he is able to provide
proof that his case is actively under appeal, he should contact
his unit staff to see if alternative storage and viewing
arrangements can be made.

---

1.  This fact, as well as others, are taken from the documents
attached to the petition.

2

II. Discussion.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state
prisoners who were deprived of good-conduct-time credits as a
result of disciplinary proceedings brought suit under 42 U.S.C.
§ 1983 seeking injunctive relief to compel the restoration of
their good-conduct-time credits.  The question before the
Supreme Court was whether a state prisoner may seek such relief
through a § 1983 action even though the federal habeas corpus
statute provides a specific federal remedy. *Id*. at 477.  The
Court stated that "the essence of habeas corpus is an attack by
a person in custody upon the legality of that custody, and that
the traditional function of the writ is to secure release from
illegal custody." *Id.* at 484.  The prisoners' claims fell
squarely within this traditional scope of habeas corpus: "They
alleged that the deprivation of their good-conduct-time credits
was causing or would cause them to be in illegal confinement,
i.e. that once their conditional-release date had passed, any
further detention of them in prison was unlawful; and they
sought restoration of those good-time credits, which, by the
time the District Court ruled on their petitions, meant their

3

immediate release from physical custody." *Id.* at 487.  The

Court held that when a prisoner "is challenging the very fact

or duration of his physical imprisonment, and the relief he

seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole

federal remedy is a writ of habeas corpus." *Id.* at 500.

The Court in *Preiser* noted that habeas corpus may be

available to challenge prison conditions. *Id.* at 499 (citing

*Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson*

404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520,

527 n.6 (1979)("[w]e leave to another day the question of the

propriety of using a writ of habeas corpus to obtain review of

the conditions of confinement, as distinct from the fact or

length of the confinement itself."). The Court went on to

state that it need not "explore the appropriate limits of

habeas corpus as an alternative remedy to a proper action under

§ 1983" because that question was not before the Court. *Id.* at

500. But the Supreme Court has never followed the speculation

in *Preiser* that habeas corpus may be available to challenge

prison conditions. *Muhammad v. Close,* 540 U.S. 749, 751 n.1,

755 (2004)(noting that the Court has not followed the speculation in *Preiser* and holding that a prisoner challenging prehearing detention "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's [v. Humphrey,* 512 U.S. 477 (1994)] favorable-termination requirement was inapplicable").

In the years following *Preiser,* the distinction and interplay between habeas corpus and civil rights claims have been clarified. "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge . . . must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Id.*

The petitioner is not challenging his conviction or the very fact or duration of his physical imprisonment. The petitioner is challenging a condition of his confinement - his

5

receipt of mail.  Even if the petitioner would prevail on his

claim, his release date from prison would not change.  The

petitioner's claim is not within the scope of habeas corpus,

which is a challenge to the very fact or duration of physical

imprisonment and which involves relief in the form of the

immediate release or a speedier release from that imprisonment.

Rather, the petitioner's claim is conditions-of-confinement

claim which is within the scope of *Bivens*.[2]

Certain statutory provisions cause it to be important

that the court make a threshold determination whether a

prisoner's action is a habeas corpus action or a civil rights

action.  One is that there is a different filing fee for a

civil rights action as compared to a habeas action.  Also, in

civil rights actions *in forma pauperis* and other restrictions

are in place under the Prison Litigation Reform Act of 1996,

including the "three strikes" provision of 28 U.S.C. § 1915(g).

---

2.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  Our conclusion that the petitioner's claim is a conditions-of-confinement claim that is within the scope of *Bivens* should not be understood as any comment on the merits of such claim.

6

The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a civil rights action as a habeas corpus action.

Because the petitioner has not presented a claim which is cognizable as a habeas corpus claim, it will be recommended that his petition for a writ of habeas corpus be dismissed.  It will be recommended that the petition be dismissed without prejudice to the petitioner asserting his claim in a *Bivens* action.

III.  Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 21, 2011.